```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| THE COMPLAINT OF | : | |
| | : | |
| PETER KNUDSEN A/S, Owner of | : | CIVIL ACTION 08-00505-CG-B |
| the M/V VINLAND SAGA (IMO No. | : | |
| 8126549) for Exoneration from | : | |
| or Limitation Liability | : | IN ADMIRALTY |
| | : | |
| | : | |
| | : | |
| | : | |

## ORDER

This action is before the Court on Harrison Brothers Dry Dock & Repair Yard, Inc.' s Motion to Compel Limitation Plaintiff Peter Knudsen to Respond to Requests for Production of Documents (Doc. 106), Limitation Plaintiff Peter Knudsen A/S's Motion to Strike (Doc. 107) and Limitation Plaintiff Peter Knudsen A/S's Response to Motion to Compel (Doc. 112). On November 23,2009, the undersigned conducted a discovery conference, via telephone, with counsel for the parties to discuss the outstanding discovery motions. Based upon the representations of counsel, and upon consideration of the motions, and the opposition thereto, the undersigned, for the reasons expressed during the conference, hereby rules as follows:

1. Limitation Plaintiff Peter Knudsen A/S's Motion to Strike (Doc. 107) is denied. While Limitation Plaintiff Peter Knudsen A/S (hereinafter "Peter Knudsen") asserts that Harrison Brothers Dry Dock & Repair Yard, Inc. (hereinafter "Harrison Brothers") failed

to comply with the certification requirement contained in Rule 37 of the Federal Rules of Civil Procedure, the record establishes otherwise.  Counsel for the parties had repeated discussions before the instant Motion to Compel was filed.  Accordingly, Peter Knudsen's Motion is denied.

2.   Harrison Brother's Motion to Compel (Doc. 107) is granted in part, and is denied in part.  In response to production request #1, it was agreed that Peter Knusdsen will produce a copy of the last Charter agreement relating to the VINLAND SAGA, which was in effect immediately prior to the accident made the subject of this lawsuit.  With respect to production requests #6 and #7, Peter Knusdsen is directed to conduct another search for all documents which relate to any agreements, communications, and financial arrangements or payments of any nature between Knudsen and Andersen relating to the VINLAND SAGA during 2006 and 2007.  With respect to production requests #8 and #9, Peter Knusdsen is directed to conduct a search for all documents which relate to the operation and/or repair of the VINLAND SAGA from the time it was dry docked in Mobile up until the time of the accident made the subject of this lawsuit.  With respect to production requests #14, #15, and #22, it was agreed that Peter Knusdsen will conduct another search for any responsive documents that have not already been produced.  With respect to production request # 27, it was agreed that Peter Knusden will search for any documents that discuss or contain the reasons for the decision to transfer management of the VINLAND SAGA from Anderson to Nordane

Shipping, Svendborg, on or about January 1, 2007, and any documents which reflect discussions between Anderson and Peter Knusden regarding Mr. Harris' accident, claims related to the accident, or requests for indemnification in relation to the accident.

DONE this **23rd** day of **November, 2009**.

                              /s/SONJA F. BIVINS
                        **UNITED STATES MAGISTRATE JUDGE**