IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | ) ) ) ) ) | |
| PETER KNUDSEN A/S, Owner of the M/V VINLAND SAGA (IMO No. 812649) for Exoneration from or Limitation of Liability | ) ) ) ) ) | CIVIL ACTION NO. 08-00505-CG-B<br><br>IN ADMIRALTY |

**FINAL JUDGMENTS**

By Order dated April 28, 2010 (Doc. 156), the court granted Harrison Brothers Drydock & Repair Yard, Inc.'s ("Harrison Brothers") motion for summary judgments (Doc. 54) as to Harrison Brothers' Second and Third Defenses asserted in its Answer (Doc. 21) to Limitation Plaintiff Peter Knudsen A/S' ("Knudsen") counterclaim (Doc. 20) and as to Harrison Brothers' crossclaim (Doc 45) against co-claimant J. Gregory Carwie, Esq., as Conservator for Emil Harris ("Carwie"). The basis for the court's Order granting Harrison Brothers the aforesaid judgments is the court's determination as a matter of law that Harrison Brothers was at all relevant times the "employer" of Emil Harris within the scope of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*, and that Harrison Brothers is therefore immune from liability for any claim asserted by or on behalf of Mr. Emil Harris or by anyone else, including but not exclusively Knudsen and Carwie, against Harrison Brothers at law or in admiralty on account of the injury to Mr. Emil Harris while onboard the M/V VINLAND SAGA in Mobile, Alabama, on or about September 28, 2006. This action presents more than one claim for relief, whether as claims, counterclaims, crossclaims or third party claims, and it also presents an action where multiple parties are involved. Harrison Brothers has now petitioned the

court pursuant to Rule 54(b), Fed. R. Civ. P., to enter Final Judgments in its favor as to each of the aforesaid summary judgments granted by the court in its Order (Doc. 156).

On due consideration of Harrison Brothers' petition and the court finding that there is no just reason for delay in entry by the court of Final Judgments in Harrison Brothers' favor, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

1. It is hereby declared that, as a matter of law and at all times relevant to the injury sustained by Mr. Emil Harris while onboard the M/V VINLAND SAGA in Mobile, Alabama, on or about September 28, 2006, Harrison Brothers Drydock & Repair Yard, Inc. Was the "employer" of Mr. Emil Harris within the scope and meaning of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*; and is therefore entitled to the statutory immunity provided by said LHWCA to Emil Harris "employer" against any and all claims arising out of said injury to Emil Harris;

2. A Final Judgment is hereby entered in favor of Harrison Brothers Drydock & Repair Yard, Inc., and against Peter Knudsen A/S as to Peter Knudsen A/S' counterclaim (Doc. 20) against Harrison Brothers Drydock & Repair Yard, Inc.; and

3. A Final Judgment is hereby entered in favor of Harrison Brothers Drydock & Repair Yard, Inc., and against J. Gregory Carwie, Esq., as Conservator for Emil Harris, on Harrison Brothers Drydock & Repair Yard, Inc.'s crossclaim (Doc. 45) against J. Gregory Carwie, Esq., as Conservator for Emil Harris.

**DONE** and **ORDERED** this 20th day of May, 2010.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE